```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/7/23
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

J & J SPORTS PRODUCTIONS, INC.,

                Plaintiff,

      - against -

ZENEYDA PATIN INDIVIDUALLY AND D/B/A
CRAZY LOVE STUDIOS,

                Defendant.

18 Civ. 3914 (LLS)

MEMORANDUM & ORDER

### Facts and Procedural History

On May 1, 2018, Plaintiff J&J Sports Productions, Inc. ("J&J") filed a complaint against defendant Zeneyda Patin, individually and d.b.a. Crazy Love Studios ("Patin"), alleging that Patin broadcasted a program that J&J had the exclusive rights to without J&J's authorization in violation of 47 U.S.C. §§ 605 and 553. See generally Complaint (the "Comp.") (Dkt. No. 1).

On June 7, 2018, Patin filed an answer and counterclaim against J&J. (Dkt. Nos. 7, 8). That counterclaim was dismissed on January 23, 2019. (Dkt. No. 22). On February 15, 2019, the parties appeared for an initial 16(b) conference, after which the case was stayed for several months after Patin's attorney informed the Court that that Patin had suffered a medical ailment that required a four-month rehabilitation program. (Dkt. Nos. 25, 26). A continued 16(b) conference was then held on July 26, 2019.

Following that conference, the Court received no communication from either party for over two and a half years until J&J requested leave to file a Motion to Dismiss for Failure to Prosecute on February 17, 2022. (Dkt. No. 26). On February 28, 2022, Patin filed that motion, which J&J timely opposed. (Dkt Nos. 29, 32). On May 5, 2022, the Motion to Dismiss for Failure to Prosecute was denied; the Court found that "plaintiff's delays in processing the case were primarily the result of plaintiff's reliance on defendant's assertions that she was too ill to be able to deal with the case." (Dkt. No. 39).

The Court received no communication from either party for over a year until Patin again requested leave to file the present Motion to Dismiss for Failure to Prosecute (the "Motion") on May 16, 2023. Patin filed that Motion on June 2, 2023. (Dkt. No. 42). J&J did not respond to Patin's request for leave to file the Motion nor the Motion itself.

### Legal Standard

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action if the plaintiff fails to prosecute its claims. Fed. R. Civ. P. 41(b); <u>Baptiste v. Sommers</u>, 768 F.3d 212, 216 (2d Cir.2014). Before dismissing a case pursuant to Rule 41(b), the district court must weigh five factors to determine whether,

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004); see Baptiste, 768 F.3d at 216. No single factor in the analysis is dispositive. Baptiste, 768 F.3d at 216.

### Discussion

The balance of those factors favors dismissal. With regard to the first factor, the Court should consider "(1) whether the failures to prosecute were those of the plaintiff; and (2) whether these failures were of significant duration." Martens v. Thomann, 273 F.3d 159, 180 (2d Cir.2001) (internal citations omitted). Here, the J&J has not communicated with the Court in over a year, and Patin's attorney has submitted an declaration attesting to his attempts to contact J&J's attorney with no response. With no evidence to the contrary, the delay can be attributed to J&J.

"The Second Circuit has not indicated exactly how much time must elapse before a delay qualifies as 'significant,' but precedent suggests that delays of even less than one year may qualify." Rubin v. Abbott Lab'ys, 319 F.R.D. 118, 120 (S.D.N.Y. 2016). This case has had no activity for over a year, and with

3

the exception of the first motion for failure to prosecute, the case has not progressed past the initial 16(b) conference since it began over five years ago. That time lapse is significant and favors dismissal.

As to the second factor, J&J had fair notice that failure to prosecute its case would result in dismissal. J&J was subject to a prior motion to dismiss for failure to prosecute that it opposed, which evidences J&J's understanding of the consequences of failure to prosecute its claims. J&J then received a notification of Patin's letter requesting a pre-motion conference for this instant motion. J&J did not respond to that pre-motion conference request nor oppose the present motion.

Third, Patin will be prejudiced if dismissal is not granted. "Prejudice to defendants resulting from unreasonable delay may be presumed." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982). As discussed supra, the delay in this case has been extensive, and J&J has not put forth any justification for that delay. This factor favors dismissal.

The fourth factor requires the Court to balance its own interest in managing its docket with J&J's interest in receiving a fair chance to be heard. While this case has not had "an extreme effect on court congestion," which would generally be required to overcome J&J's interest in having a fair chance to be heard, Baptiste, 768 F.3d at 218-19, J&J had the opportunity

4

to respond to Patin's Motion. And this Court in fact denied Patin's earlier motion to dismiss for failure to prosecute based on J&J's opposition that motion. That J&J did not respond to this instant motion is indicative that it no longer wishes to pursue its claims. Nonetheless, as J&J's "failure to prosecute in this case was silent and unobtrusive rather than vexatious and burdensome," id. at 218, this factor cautions against dismissal.

Finally, lesser sanctions would likely be ineffective in this case. J&J's "effective absence" from the case indicates that J&J would be unlikely to respond to a lesser sanction. Rubin, 319 F.R.D. at 121. In such cases, "district courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." Id.

The balance of these factors favors dismissal.

### Conclusion

The Motion is granted, and the Clerk of the Court is directed to close the case.

So ordered.

Dated:   New York, New York
         July 7, 2023

                                         *Louis L. Stanton*
                                         LOUIS L. STANTON
                                         U.S.D.J.

5